UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Buddy Newsome, ) | |
|       Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Bill Bayer, Commissioner of the ) | Case No. 2:13-cv-01066-TLW |
| Department of Corrections; Tim Riley, ) | |
| Warden of Tyger River Correctional ) | |
| Institution; Associate Warden Laura ) | |
| Caldwell; and Senior Chaplain Allen ) | |
| Edmensten, ) | |
|       Defendants. ) | |
| _____) | |

**ORDER**

The Plaintiff, *pro se* prisoner Buddy Newsome ("Plaintiff"), filed this action in state court alleging negligence, gross negligence, and claims pursuant to 42 U.S.C. § 1983 against the Defendants. (See Doc. #1). The Defendants removed the action on April 19, 2013. (Doc. #1). This matter is now before the Court upon Plaintiff's May 6, 2013 filing docketed as a Motion to Remand. (Doc. #11). In the motion, Plaintiff requests that the Court remand of the matter to state court; in addition, he seeks permission to amend his complaint or in the alternative, dismissal without prejudice so that he can refile in state court. (Doc. # 11). Also before the Court is the Defendants' Motion for Summary Judgment, filed July 25, 2013, (Doc. #21), and the Report and Recommendation of Magistrate Judge Bruce Howe Hendricks ("the Report"), filed February 6, 2014, (Doc. #33). In the Report, the Magistrate Judge recommends denying the Plaintiff's Motion to Remand and granting the Defendants' Motion for Summary Judgment. The Plaintiff

1

filed objections to the Report on February 20, 2014. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in <u>Wallace</u>, the Court has reviewed, <u>de novo</u>, the Report, the record, and the objections. The Magistrate Judge recommends denying of the Plaintiff's May 6, 2013 motion docketed as a motion to remand and granting the Defendants' motion for summary judgment. In the motion to remand, Plaintiff seeks remand to state court and asks the Court for permission to amend his complaint or, in the alternative, that the Court dismiss his case without prejudice so that he can refile in state court. The Defendants did not respond to the Plaintiff's motion. While the motion has been pending on the docket for over ten months, the Plaintiff indicates in his objections that he still desires to pursue only state-law court claims. Specifically, the Plaintiff states that he framed his case around federal law "out of fear of his complaint being dismissed, where no ruling was made on his motion to remand prior to summary judgment." As a result, the Court finds that the requests contained in the May 6, 2013 motion to remand remain relevant.

Rule 15 of the Federal Rules of Civil Procedure govern amended and supplemental pleadings. Subsection (a)(1)(B) permits a party to amend its pleading once as a matter of course within 21 days after service of a responsive pleading. Because Plaintiff filed his motion to amend within 21 days after the Defendants' answer, Plaintiff is entitled to amend his complaint once as a matter of course.

After careful review of the Report, the record, and the objections, the Court agrees with and accepts the Magistrate Judge's analysis as to the federal claims. However, in light of the Plaintiff's objections, which were not before the Magistrate Judge and which express a continued desire for remand to state court, the Court finds that Plaintiff's motion to remand and to amend should be granted. In addition, the Eleventh Amendment Immunity question may be appropriate for review on remand. Accordingly, with the exception of the remand issue, the Court hereby **ACCEPTS IN SUBSTANTIAL PART** the Report. (Doc. #33). Plaintiff's requests for remand and for permission to amend the Complaint to remove any reference to federal claims, (Doc. #11), are **GRANTED**. It is therefore **ORDERED** that this matter be **REMANDED** to state court. Upon remand, Plaintiff can file his amended complaint in state court.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
**TERRY L. WOOTEN**
**CHIEF UNITED STATES DISTRICT JUDGE**

March 19, 2014
Columbia, South Carolina

3